IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | | |
|---|---|---|
| ADVOCARE INTERNATIONAL L.P., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| HORIZON LABORATORIES, INC., | * | |
| HERBASIA CORPORATION, et al., | * | Civil No. 3:04-CV-1988-H |
| | * | |
| Defendants, | * | |
| | * | |
| v. | * | |
| | * | |
| ROBERT HACKMAN, et al., | * | |
| | * | |
| Third-Party Defendants. | * | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant HerbAsia Corporation's Motion to Dismiss, filed March 23, 2005; Plaintiff's Combined Motion to Extend Time for Response, Motion for Discovery, and Response, filed April 11, 2005; and Defendant HerbAsia Corporation's Reply, filed April 27, 2005. For the reasons stated below, Defendant HerbAsia Corporation's Motion is **GRANTED**; Plaintiff's Motion for Extension of Time is **DENIED**; and Plaintiff's Motion for Discovery is **DENIED**.[1]

**I.      Background**

Since 1993, Plaintiff has engaged the services of Defendant Richard Scheckenbach ("Scheckenbach") as a consultant.  (Pl.'s 1st Am. Compl. at 4; Pl.'s App. at 2.)  The latest consulting agreement of August 29, 2000, "is conditioned on [Plainitff] being the exclusive recipient of Scheckenbach's services" and prohibits Scheckenbach from receiving fees from Plaintiff's suppliers and manufacturers.  (Pl.'s 1st Am. Compl. at 6; Pl.'s App. at 2.)  Defendant Horizon Laboratories,

---

[1]  Neither additional time or any discovery will mend Plaintiff's pleading defect discussed *infra*.

Inc. ("Horizon"), is one of Plaintiff's manufacturers.  (Pl.'s 1st Am. Compl. at 2, 5; Pl.'s App. at 2.)

Horizon received its raw materials from, *inter alia*, HerbAsia Corporation ("HerbAsia").  (Pl.'s 1st

Am. Compl. at 6, 7, 11; Pl.'s App. at 3.)  From 2001 through 2004, Scheckenbach, along with his

wife, were the sole owners and directors of HerbAsia.[2]  (Pl.'s 1st Am. Compl. at 7; Pl.'s App. 2A

at 9.)

Originally Plaintiff filed a state court action against Horizon, Scheckenbach (individually),

*et al*.  (Def. Horizon's Notice of Removal at 1.)  After Horizon removed on diversity grounds,

Plaintiff filed its First Amended Complaint adding HerbAsia as a defendant. (Pl.'s 1st Am. Compl.,

filed Jan. 11, 2005.)  Albeit inartfully pleaded, Plaintiff alleges that between October 2001 and July

2003, Scheckenbach and HerbAsia, conspired to (1) breach Scheckenbach's fiduciary duties owed

to Plaintiff, and (2) defraud Plaintiff "in connection with his scheme to profit through sales of raw

materials to Horizon."  (Pl.'s 1st Am. Compl. at 3, 10-11.)  On March 23, 2005, HerbAsia filed the

instant Motion to Dismiss.  (Def.'s Mot. at 1.)  HerbAsia grounds its Motion on Federal Rules of

Civil Procedure 12(b)(2) and (6).  (*Id*.)  For the purposes of the instant motion only, the Court

assumes without deciding that personal jurisdiction exists.  Accordingly, the Court forgoes any

discussion as to the Court's *in personam* jurisdiction over HerbAsia, *i.e.*, dismissal on Rule12(b)(2)

grounds.

## II.      Standard of Review

Dismissal for failure to state a claim is not favored by the law.  *Mahone v. Addicks Util. Dist.*,

836 F.2d 921, 926 (5th Cir. 1988).  A Plaintiff's complaint "should not be dismissed for failure to

state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of

---

[2] Plaintiff avers in its Response, that on information and belief, Scheckenbach sold HerbAsia to
Tai Brown sometime in 2004.  (Pl.'s Resp. at 4.)

his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) ("The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."); *Adolph v. Federal Emergency Management Agency*, 854 F.2d 732, 735 (5th Cir. 1988) (The court may dismiss a claim under Rule 12(b)(6) only if "it appears to a certainty that no relief can be granted under any set of facts provable in support of its allegations or if the allegations, accepted as true, do not present a claim upon which relief can be legally obtained.").

## III.   Analysis

Assuming, *arguendo*, that Plaintiff could make a *prima facie* showing of personal jurisdiction, Plaintiff has failed to state a legally cognizable cause of action against HerbAsia. Plaintiff's sole cause of action against HerbAsia is a conspiracy claim.  (Pl.'s 1st Am. Compl. at 10-11.)  Plaintiff alleges that Scheckenbach conspired with HerbAsia to defraud Plaintiff and breach Scheckenbach's fiduciary duties owed to Plaintiff.  (*Id.* at 11.) Plaintiff concedes that Scheckenbach, as HerbAsia's agent, may not have the capacity to conspire with HerbAsia, his principal.  (Pl.'s Resp. at 10.)  Indeed the law in this respect is clear; "the actions of a corporate agent on behalf of the corporation are deemed the corporation's acts," *Holloway v. Skinner*, 898 S.W.2d 793, 795 (Tex. 1995), and therefore "as a matter of law, a corporation cannot conspire with itself." *Atlantic Richfield Co. v. Misty Prods., Inc.*, 820 S.W.2d 414, 420 (Tex. App.–Houston [14th Dist.] 1991, writ denied) (citing *Wilhite v. H.E. Butt Co.*, 812 S.W.2d 1, 5 (Tex. App.–Corpus Christi 1991, no writ)); *see Bradford v. Vento*, 48 S.W.3d 749, 761 (Tex. 2001) (affirming the court of appeals' analysis and judgment that "Bradford, Simon, and Golden Ring could not have conspired because Bradford was the agent of Simon and Golden Ring"); *Staples v. Merck & Co., Inc.*, 270 F.Supp.2d 833, 845 (N.D.

Tex. 2003) ("an agent cannot conspire with its principal").[3]  Because Plaintiff has failed to state a

claim for which relief can be granted, Defendant's Motion must be **GRANTED**.

Recognizing that it cannot assert a conspiracy theory against HerbAsia vis-à-vis

Scheckenbach, Plaintiff proposes alternate theories of liability and requests leave to amend its

complaint.  Plaintiff may do so pursuant to the Court's Revised Scheduling Order, entered March

18, 2005, and the local rules.  The Court anticipates that, having been alerted to a possible personal

jurisdiction defect, Plaintiff will, in all probability, re-allege the jurisdictional facts.  Accordingly,

the Court regards HerbAsia's Motion grounded in Rule 12(b)(2) as premature and **DENIES**

HerbAsia's Motion to Dismiss for lack of personal jurisdiction.

---

[3]  An exception to the general rule stated in *Atlantic Richfield* is that a corporate agent acting in his individual capacity can conspire with his principal (corporation).  *See Holloway*, 898 S.W.2d at 796 ("the alleged act . . . must be performed in furtherance of the defendant's personal interests so as to preserve the logically necessary rule that a party cannot" conspire with itself); *Texas-Ohio Gas, Inc. v. Mecom*, 28 S.W.3d 129, 138 n.10 (Tex. App.–Texarkana 2000, no pet.) ("We hold that corporate agents can conspire with one another even if they are purportedly acting as employees of the corporation, if they are in fact acting primarily for their own personal benefit").  Here, there is no allegation of a personal benefit accruing to Scheckenbach from the alleged conspiracy.  The Court finds that the personal benefit accruing to Scheckenbach is derivative of HerbAsia's profits from the alleged conspiracy.  Additionally, Plaintiff has alleged and the record supports that HerbAsia is Scheckenbach's alter ego.  (Pl.'s 1st Am. Compl. at 7; Pl's Resp. at 2,3, 7-11; Pl.'s App. 2A.)  Plaintiff's allegations, if true, cannot support a conspiracy theory because a conspiracy requires two or more persons, *i.e.*, entities.  *Tri v. J.T.T.*, — S.W.3d —, 2005 WL 1124734, *3 (Tex. May 13, 2005); *see United States ex rel. Reagan v. East Texas Medical Center Regional Healthcare System*, 274 F.Supp.2d 824, 856 (S.D.Tex. 2003) (citing *Elliott v. Tilton*, 89 F.3d 260, 265 (5th Cir. 1996)).

**IV.     Conclusion**

For the foregoing reasons, Defendant HerbAsia's Motion to Dismiss is **GRANTED**.

Plaintiff is granted leave to file an amended complaint no later than **noon, June 6, 2005**.  Failure to

do so will result in a dismissal with prejudice of Plaintiff's claims against HerbAsia.   SO

ORDERED.   DATED: May 19, 2005.


**BAREFOOT SANDERS, SENIOR JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**