IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADVOCARE INTERNATIONAL L.P., | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| HORIZON LABORATORIES, INC., | * | |
| RICHARD PAUL SCHECKENBACH | * | |
| R-SQUARED NUTRITION, INC., and | * | |
| HERBASIA CORPORATION, | * | Civil No. 3:04-CV-1988-H |
| | * | |
| Defendants, | * | |
| v. | * | |
| | * | |
| ROBERT HACKMAN, | * | |
| | * | |
| Third-Party Defendant. | * | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Plaintiff Advocare International, L.P.'s Objection and Motion to Exclude Expert Testimony, and supporting brief and appendix, filed November 18, 2005; and R-Squared Nutrition's and Richard Scheckenbach's Response to Advocare's Motion to Exclude Expert Testimony, and supporting brief and appendix, filed December 8, 2005.

Also before the Court are R-Squared Nutrition's and Richard Scheckenbach's Objection and Motion to Exclude Expert Testimony of Advocare's Expert Mark Foglietta, and supporting brief, filed November 23, 2005; Plaintiff Advocare International, L.P.'s Response to Objection and Motion to Exclude Expert Testimony, and supporting brief and appendix, filed December 12, 2005; and Reply of R-Squared Nutrition and Richard Scheckenbach, and supporting appendix, filed December 27, 2005.

For the reasons that follow, both motions are denied.

## I. BACKGROUND

A detailed factual and procedural background of this case has been related previously and will not be repeated here.[1]  Among other issues and parties, Plaintiff Advocare International, L.P. ["Advocare"] sues Defendant Richard Scheckenbach and related entities ["Scheckenbach Defendants"] for various causes of action arising from their business relationship in the nutritional supplement industry.  The case is set for trial on February 6, 2006.

Advocare now asks the Court to exclude the testimony of expert witness Mark A. Brudnak, retained by the Scheckenbach Defendants.  The Scheckenbach Defendants ask the Court to exclude the testimony of expert witness Mark Foglietta, retained by Advocare.  Both motions are without merit.

## II. ANALYSIS

The admissibility of expert testimony in a federal trial is governed by federal law.  *Edwards v. Sears, Roebuck and Co.,* 512 F.2d 276, 292 (5th Cir. 1975) (rejecting the parties' citation of state law).  In the motions before the Court, both movants rely heavily on the decisions of Texas state courts.  Those decisions are inapposite.

Under federal law, the determination whether to exclude expert testimony is within the sound discretion of the trial court.  *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999); *Tyler v. Union Oil Co. of Cal.*, 304 F.3d 379, 392 (5th Cir. 2002).  Rule 702 of the Federal Rules of Evidence reads in relevant part:

---

[1] *See Advocare Int'l, L.P. v. Horizon Labs., Inc.*, Civ. No. 3:04-CV-1988-H (N.D. Tex. May 19, 2005); *id*. (August 2, 2005); *id*. (January 13, 2006).

2

> If . . . specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702; *see Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592 (1993). With this standard in mind, the Court turns to the pending motions.

   A.   <u>Scheckenbach Defendants' Expert Mark A. Brudnak</u>

In the first motion before the Court, Plaintiff Advocare moves to exclude the testimony of the Scheckenbach Defendants' expert witness, Mark A. Brudnak. It is undisputed that Brudnak holds a biology degree from the University of Southern California; holds doctorates in Naturopathy and Natural Health from the (unaccredited) Clayton College of Natural Health; and has completed a significant portion of a Ph.D. program for molecular biology and biotechnology at the University of Tulsa. Plaintiff argues, however, that Brudnak is not qualified to offer opinions on the market price of raw materials in nutritional supplements, and on the use of Certificates of Analyses for raw materials in that industry; and that his opinions are based solely on mere subjective belief and not on reliable methodology. In particular, Plaintiff argues that Brudnak has not completed any coursework on raw materials pricing; has not compared costs of the exact raw materials at issue in this case; and has not reviewed various other relevant materials.

In opposition, the Scheckenbach Defendants respond that apart from Brudnak's academic credentials, Brudnak has worked since 1997 in various capacities, including technical director and vice president of technology, for MAK Wood, Inc., a distributor to the food and nutritional

supplement industries. The Defendants offer evidence that a significant portion of MAK Wood's business involves buying, selling, and otherwise dealing with raw materials.

After reviewing the memoranda and appendices from both parties, the Court makes the following findings: On the basis of experience and education, Brudnak is sufficiently qualified to offer expert testimony on costs and standards in the nutritional supplement industry, including its raw materials market. *See Mathis v. Exxon Corp.*, 302 F.3d 448, 460 (5th Cir. 2002) (discussing the burden and standard of admissibility). Moreover, the Court finds that Brudnak's relevant experience is sufficiently extensive to provide a reliable basis for his opinions. The issues that Plaintiff raises, though proper grounds for cross-examination, do not affect Brudnak's status as an expert witness under Rule 702. *See Daubert,* 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 250 (5th Cir. 2002) (quoting *Daubert* and reversing the trial court's exclusion of expert opinion).

Accordingly, Plaintiff's motion is **DENIED**.

B.   Advocare's Expert Witness Mark Foglietta.

Mark Foglietta, C.P.A., is Advocare's expert witness on the issue of damages. The Scheckenbach Defendants move to exclude his testimony for insufficient facts and data; and for the consequent lack of reliability of Foglietta's opinion.

Like Plaintiff's motion, the Scheckenbach Defendants' motion fails. It is undisputed that Foglietta is a Certified Public Accountant and Certified Public Analyst with an MBA from Baylor University. He was hired to compute, among other things, the price variance for raw materials sold to Horizon Laboratories, Inc., by Scheckenbach. In so computing, he represents that he reviewed

thousands of documents, including invoices, purchase orders, receiving lists, and shipping documents; and that he compiled a master database tracing raw material lot numbers from origin to final sale. In short, he crunched numbers in time-honored accountant fashion. *See Tuf Racing Prods., Inc. v. American Suzuki Motor Corp.*, 223 F.3d 585, 591 (7th Cir. 2000) (affirming admissibility of damages testimony by a CPA using financial data supplied by the parties to the case). The Scheckenbach Defendants' arguments go to the legal measure of damages, which will be determined by the Court in the jury charge, and to financial assumptions and results appropriate for cross-examination. *See Tyler*, 304 F.3d at 393 (affirming admissibility of expert opinion for which underlying facts and conclusions were disputed). The arguments do not, however, impact the threshold matter of admissibility. *See Daubert*, 509 U.S. at 592 (emphasizing principles and methodology as grounds for admissibility).

Accordingly, Foglietta may offer expert testimony on the issue of Advocare's damages in this case. The Scheckenbach Defendants' motion is **DENIED**.

### III.  CONCLUSION

For the reasons given above, Advocare's expert witness, Mark Foglietta, and the Scheckenbach Defendants' expert witness, Mark A. Brudnak, will be allowed to offer opinion testimony to the jury, subject to cross-examination and objection in the normal course of events at trial. Advocare's motion to exclude expert testimony, and the Scheckenbach Defendants' motion to exclude expert testimony, are both **DENIED**.

SO ORDERED.

DATED: January 24, 2006.

_____
BAREFOOT SANDERS, SENIOR JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

5